### WILLIAMS v. UNITED STATES.
#### No. 6253.

Circuit Court of Appeals, Fifth Circuit.
Jan. 29, 1932.

James A. Leathers, of Gulfport, Miss., for appellant.

Ben F. Cameron, U. S. Atty., and Chas. B. Cameron, Asst. U. S. Atty., both of Meridian, Miss.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Appellant was convicted of using the United States mail for the purpose of executing a scheme to defraud, in violation of section 215 of the Criminal Code, 18 USCA § 338.

The scheme alleged was to obtain credit by means of a false financial statement. It is admitted that the statement described in the indictment, and which purported to be signed by appellant, was false, and was sent by mail. The questions in dispute were whether appellant signed it, and mailed it, or caused it to be mailed. He denied that he did either; and the government had no direct proof, but relied on circumstantial evidence. There was sufficient proof, based upon a comparison of handwriting, to support the inference that appellant signed the statement. The trial court charged the jury that if he did sign it, that was enough, the government's case was made out, and that they had the right to infer also that he mailed it.

That charge was duly excepted to, and in our opinion it was erroneous. It does not logically follow that appellant mailed the statement from the single circumstance that he signed it. Freeman v. United States (C. C. A.) 20 F.(2d) 748. There were several methods available for making delivery of the statement besides the use of the mail. If appellant chose one of such other methods, and the mail was used by some one else without his knowledge or consent, he would not be guilty of the offense charged against him. We do not mean to say that the signing of the statement was not a circumstance tending to show guilt, or that it, when considered by the jury in connection with other circumstances in the case, was not sufficient to justify the inference that appellant mailed the statement or caused it to be mailed. We go no further than to hold that the charge as given was erroneous.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.